UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| GERALD D. SMITH, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 17-CV-4267 |
| | ) | |
| SHAWN JUMPER, et.al., | ) | |
|     Defendants. | ) | |

**OPINION**

    Plaintiff, proceeding pro se and detained in the Rushville Treatment and Detention Center, seeks leave to proceed in forma pauperis. The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.

    In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts

must be provided to "a claim for relief that is plausible on its face.'" *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013).

Plaintiff is civilly detained in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, *et seq*. During a meeting with his team of therapists, Plaintiff was told he would not be able to progress in therapy if he did not participate in a standard examination and participate in a full autobiography. Plaintiff says the "statute itself forbids the state the ability to force a defendant to participate in an evaluation for the purpose of a Sexually Violent Person's Commitment Petition." (Comp., p. 7). Furthermore, Plaintiff says he has a constitutional right not to incriminate himself.

"[O]ne of the purposes for which sexually violent persons are committed under Chapter 980 is to receive treatment, the conditions and duration of plaintiff's confinement must be related reasonably to that purpose." *Thielman v. Leean*, 140 F.Supp.2d 982, 1000 (W.D.Wis. April 9, 2001); *see also State v. Carpenter,* 197 Wis.2d 252, 258, 541 N.W.2d 105 (1995) (concluding that Chapter 980 is "primarily intended to protect the public and to provide concentrated treatment to convicted sexually violent persons, not to punish the sexual offender"). "With regard to the nature of treatment, however, the state enjoy[s] wide latitude in developing treatment regimens [for sex offenders].'" *Thielman,* 140 F.Supp.2d at 989 *quoting Kansas v. Hendricks,* 521 U.S. 346, 368 n. 4 (1997). Therefore, Rushville can develop standard evaluations to assist in providing therapy to residents.

In addition, courts have held various types of therapy requirements do not violate the privilege against self-incrimination. *See i.e. McKune v. Lile*, 536 U.S. 24 (2017)(upholding sexual abuse treatment program which required sexual history "regardless of whether such activities constitute uncharged criminal offenses" and a "polygraph examination ... used to verify the accuracy and completeness of the offender's sexual history"); *Allison v. Snyder*, 332 F.3d 1076 (7th Cir. 2003)(upholding treatment of sexually dangerous persons, which included group therapy and polygraphs "to check whether participants in this program are being candid."); *see also U.S. v. Warren*, 843 F.3d 275, 285 (7th Cir. 2016)(regardless of debate over polygraph's usefulness and reliability, "polygraph conditions have been upheld by every circuit where the circumstances warranted it" for supervised release conditions); *Ambrose v. Godinez*, 5110 Fed.Appx. 470 (7th Cir. 2013)( sexually dangerous person's claim properly dismissed where claim was essentially that he wanted "treatment without accepting responsibility"); *U.S. v. Sines*, 303 F.3d 793 (7th Cir. 2002)(upholding supervised release condition requiring participation in sex offender treatment program, which included "periodic progress checks via polygraph testing").

Plaintiff has failed to articulate a violation of his constitutional rights. In addition, based on the allegations, the Court does not believe Plaintiff could state a constitutional violation if given an opportunity to amend his complaint..

IT IS THEREFORE ORDERED:

1. Plaintiff's petition to proceed in forma pauperis is denied. [3] Plaintiff's complaint is dismissed for failure to state a claim. The case is closed. All pending motions are denied as moot. [6, 8]

2. If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis MUST set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

Entered this 12th day of December, 2017.

s/ James E. Shadid

---
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE